Filed 3/14/16  P. v. Ramirez CA5
Received for posting 3/15/16

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SAMUEL ENRIQUE RAMIREZ,<br><br>    Defendant and Appellant. | F070626<br><br>(Super. Ct. No. F14909833)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson and Ralph Nunez,[†] Judges.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California for Plaintiff and Respondent.

-ooOoo-

[*]Before Detjen, Acting P.J., Franson, J. and Peña, J.

[†]Retired Judge of the Fresno Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## PROCEDURAL AND FACTUAL SUMMARY

On October 21, 2014, defendant Samuel Enrique Ramirez was charged in a felony complaint with driving with a blood-alcohol level of 0.08 percent or higher (Veh. Code, § 23152, subd. (b), count 1), driving under the influence of alcohol (§ 23152, subd. (a), count 2), and driving with a suspended driver's license (§ 14601.2, subd. (a), count 3). The complaint further alleged defendant had three prior convictions for drunk driving within the previous 10 years within the meaning of section 23550.

On October 27, 2014, defendant entered into a plea agreement. Defendant initialed and executed a felony advisement, waiver of rights, and plea form setting forth that he would admit the three prior drunk driving convictions and plead no contest to count 1 of the complaint in exchange for a lid of two years on his sentence and the dismissal of counts 2 and 3. In the form, defendant acknowledged and waived his constitutional rights pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin/Tahl*). Defendant further acknowledged the consequences of his plea, including the penal consequences of admitting his prior drunk driving convictions, and stipulated to a factual basis for the plea. Defendant and his counsel acknowledged that counsel reviewed defendant's rights with him and discussed all of the consequences of defendant's plea.

Prior to taking defendant's change of plea, defendant told the trial court he initialed and signed the plea form, understood it, and understood he was waiving certain constitutional rights. Defendant acknowledged to the court he had discussed the plea bargain and the consequences of changing his plea with his attorney. The court advised defendant of his *Boykin/Tahl* rights. Defendant acknowledged he understood and was waving those rights. Defendant pled no contest to count 1 and admitted three prior drunk driving convictions within the previous 10 years.

On December 1, 2014, the trial court sentenced defendant to the midterm of two years pursuant to the plea agreement. The court ordered a split sentence of 16 months in

2.

custody and eight months under supervised release. The court awarded credits of 44 days for time served, conduct credits of 44 days, and total custody credits of 88 days. The court further imposed various fines and fees. Defendant did not obtain a certificate of probable cause.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

## FACTS

At 7:08 p.m. on October 19, 2014, a Fresno Police Department officer observed the driver of a silver Chevrolet truck making several unsafe lane changes resulting in other drivers having to quickly apply their brakes to avoid collision. Defendant was immediately stopped. While speaking to defendant, the officer detected the strong odor of alcohol from defendant's breath and he was driving with a suspended license. Defendant failed several field sobriety tests, and a breathalyzer test indicated defendant's blood alcohol level was 0.117 percent. Defendant had drunk driving convictions in April 2006, February 2009, and September 2013.

## APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief summarizing the pertinent facts, raising no issues, and requesting this court to review the record independently. (*People v. Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating defendant was advised he could file his own brief with this court. By letter on March 17, 2015, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.

3.